IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CAMILLE SMITH,

    Plaintiff,

vs.                                    CASE NO.: 1:04cv106-SPM/AK

BOARD OF TRUSTEES OF THE
UNIVERSITY OF FLORIDA,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION IN LIMINE**

This cause comes before the Court on Plaintiff's Motion in Limine (doc. 123) and Defendant's response (doc. 128). Upon consideration, the Court finds as follows:

**1.**    **After-acquired Evidence**

Plaintiff seeks to exclude evidence of events that happened after the denial of her promotion because they played no role in Defendant's decision to deny Plaintiff the promotion, which Plaintiff contends is the principal issue in this case. Defendant responds by stating that it does not intend to use any after-acquired evidence to meet its burden of production to show that Defendant had legitimate, non-discriminatory reasons for denying Plaintiff her promotion. Defendant argues, however, that the after-acquired evidence is admissible on

Plaintiff's pay discrimination claim and to rebut arguments that the music department prevented Plaintiff from achieving her goals.

The evidence is admissible for these purposes and will not result in any unfair prejudice to Plaintiff. Therefore, the motion in limine as to the after-acquired evidence will be denied.

### 2. Note Requesting Removal From Graduate Faculty

Plaintiff at some point wrote a note stating "Please remove me from the graduate faculty. I do not wish to have my name associated with a weak Ph.D. in music education." She seeks to exclude the note from evidence at trial because no decision-maker took the note seriously or acted upon it by removing Plaintiff from the graduate faculty. Defendant argues that the note is admissible with respect to Plaintiff's claim that she was denied graduate teaching assignments. Defendant contends that Plaintiff's own statement is probative of the issue of whether Plaintiff sought, desired, or was even willing to accept additional assignments to teach graduate courses.

Plaintiff admits writing the note. The note is probative of Plaintiff's interaction with the music department regarding graduate teaching assignments. The note is not unfairly prejudicial and Plaintiff will have an opportunity to explain the circumstances and any further communications she may have had at the music department regarding the note. The motion in limine as to the note will be denied.

3.  **Data Compilations**

Defendant has complied graphs and charts to show the salary, raise, and promotion history of Plaintiff and other faculty members.  Plaintiff objects to these exhibits, arguing that they are expert testimony in disguise and that Plaintiff cannot check the accuracy of the graphs and charts because Defendant did not disclose who made them.  According to Defendant, however, all of the raw data has been provided to Plaintiff for review and analysis by her expert.  Defendant argues that the underlying documents will be admitted into evidence, and the charts and graphs are merely demonstrative aids, as allowed under Fed. R. Evid. 611(a), to simplify presentation and comparisons of evidence already in the record.  A review of the charts and graphs will be necessary before a ruling on this issue can be made.

4.  **Faculty Biographies**

Plaintiff objects to the admission of "faculty biographies" for Plaintiff and five other faculty members on grounds that the biographies are used for public relations at the University, and not for promotions.  The biographies, however, are relevant to show the qualifications of faculty members and probative of Plaintiff's claim that she was denied promotions and salary increases that were given to similarly situated male faculty members.  The motion in limine as to the faculty biographies will be denied.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. The Court reserves ruling on Plaintiff's motion in limine concerning the data compilations.

2. As for the after-acquired evidence, note, and faculty biographies, the motion in limine is denied. The Court may reconsider the matter as the evidence is presented in context at trial.

DONE AND ORDERED this 28th day of August, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge