IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CAMILLE SMITH,

    Plaintiff,

vs.        CASE NO.: 1:04cv106-SPM/AK

BOARD OF TRUSTEES OF THE
UNIVERSITY OF FLORIDA,

    Defendant.

_____/

**ORDER GRANTING MOTION FOR EQUITABLE RELIEF**

This cause comes before the Court on Plaintiff Smith's Motion for Equitable Relief (doc. 169) and Defendant's response (doc. 173).

Because discrimination has been proven in this case, a presumption arises that Smith is entitled to all appropriate remedies, including equitable and injunctive relief.  Lewis v. Smith, 731 F.2d 1535, 1538 (11th Cir. 1984). The purpose of these remedies is to provide make-whole relief for past discrimination and to deter discriminatory actions in the future . N.A.A.C.P. v. City of Evergreen, 693 F.2d 1367, 1370 (11th Cir. 1982).

    1.    **Failure to Seek Relief at Trial**

As its first argument against granting Smith any equitable or injunctive

relief, Defendant complains that Smith did not seek equitable or injunctive relief at her jury trial[1]. The propriety of equitable and injunctive relief is not a jury issue, however. These are equitable matters for the court to determine; and they are appropriately determined after the jury issues are resolved. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 334 (1979) (explaining that to preserve the right to jury trial on legal issues, legal issues are generally tried prior to a determination of equitable issues); Lytle v. Household Mfg., Inc., 494 U.S. 545, 550 (1990) (jury resolves legal claims before court considers equitable claims).

**2.     Entitlement to Specific Forms of Relief**

A court has broad authority and discretion to order equitable remedies for unlawful employment action; and has a duty to "render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future." Kilgo v. Bowman Tranp., Inc., 789 F.2d 859, 880 (11th Cir. 1986) (citation omitted).

Even if illegal practices have been abated, injunctive relief may be appropriate to ensure they are not repeated after the lawsuit. Evergreen, 693 F.2d at 1370. To this end, a court may permanently enjoin an employer from

---

[1] Defendant also suggests, by citing to Rule 54(c), that Smith did not seek equitable or injunctive relief in her complaint. Smith, however, did seek such relief. See doc. 44, Second Amended and Supplemental Complaint, and doc. 54, Order Granting Leave to File Amended Complaint. Defendant also quotes from Smith's trial brief (doc. 124). The pretrial brief is not the same as a pretrial order under Rule 16(e).

CASE NO.: 1:04cv106-SPM/AK

engaging in discriminatory employment practices.  Id.   The burden is on Defendant to "prove that the violation is unlikely to recur." E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1254 (11th Cir. 1997); see also, Lewis, 731 F.2d at 1538; 1540.

Equitable relief may also be appropriate to eliminate the present effects of past discrimination.  Id.  In determining appropriate remedies, "[t]he injured party is to be placed, as near may be, in the situation he would have occupied if the wrong had not been committed." Albemarle Paper Co. v. Moody, 422 U.S. 405, 418-19 (1975) (quoting Wicker v. Hoppock, 6 Wall 94, 99 (1867)).  "Congress took care to arm courts with full equitable powers" to allow for "the most complete relief possible." Id. at 418, 421.  The object is to "make persons whole for injuries suffered on account of unlawful employment discrimination." Id. at 418.

### A.     Anti-Retaliation

The jury found in favor of Smith on her retaliation claim.  She requests that an order be issued enjoining Defendant from engaging in any retaliatory actions against her for three years, punishable by contempt.

Smith continues to work under the authority of John Duff and Russell Robinson, and with Charles Hoffer, all of whom engaged in discriminatory actions against her.  There is no indication that Defendant has taken any corrective action or acknowledged that it has wronged Smith.  See Massey Yardley, 117 F.3d at 1254 (noting lack of discipline and failure to acknowledge wrongdoing as

factors that may warrant injunctive relief).  The Court finds that the relief requested is reasonable and appropriate to ensure that Defendant does not engage in further retaliatory acts against Smith.

### B.     Discrimination and Retaliation Training

In addition to her retaliation claim, the jury found in favor of Smith on her discrimination claim relating to summer teaching assignments.  Smith requests that the managerial employees of the College of Fine Arts and the Department of Music, including the Dean, Associate Dean, Department Chair, and Area Heads complete a course of training in handling issues of discrimination and retaliation.  Smith proposes that the course be conducted by a neutral party and approved in advance by the Court.  Smith also proposes that the training should include "glass ceiling" analysis and problems resulting from attitudes aimed at defeating discrimination lawsuits rather than eliminating discrimination.

There is no indication that Defendant currently has a training program. In light of the evidence presented at trial and the jury's verdict, the Court finds that the relief requested is reasonable and appropriate to ensure that Defendant does not engage in discrimination and retaliation against Smith in the future.  The Court finds, however, that the specific topic of "glass ceiling" analysis should not be required (but it may be included at Defendant's discretion) because the jury found against Smith on her promotion discrimination claim.

### C. Summer Teaching Assignments

As stated previously, the jury found in favor of Smith on her discrimination claim relating to summer teaching assignments. Smith requests that she receive two preferential teaching assignments of her choice, and that teaching assignments be made thereafter without regard to gender or other factors that indirectly create gender bias, such as giving summer classes to faculty who teach those classes in the main semesters.

The Court finds that the relief requested by Smith is not appropriate. The jury has already awarded Smith damages to compensate Smith fully for the denial of summer teaching assignments in the past. As to future assignments, the Court finds nothing wrong with assigning summer classes to the faculty member who teaches the class during the main semesters, so long as the main semester assignments are made on non-discriminatory bases.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Plaintiff Smith's Motion for Equitable Relief (doc. 169) is granted as provided in this order.

2. Defendant is enjoined from engaging in any retaliatory actions against Smith, which shall be punishable by contempt of court for a period of three years from the date of the jury's verdict.

3. Defendant shall engage a neutral third party to prepare and

implement a anti-discrimination and anti-retaliation training program for the managerial employees of the College of Fine Arts and the Department of Music, including the Dean, Associate Dean, Department Chair, and Area Heads.  On or before June 29, 2007, Defendant shall provide counsel for Smith with a written summary of the program for comment and approval.  On or before July 15, 2007, Defendant shall file the summary with the Court along with a motion for approval.

DONE AND ORDERED this 24th day of May, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge