IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CAMILLE SMITH,

    Plaintiff,

vs.                                    CASE NO.: 1:04cv106-SPM/AK

BOARD OF TRUSTEES OF THE
UNIVERSITY OF FLORIDA,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DENY ATTORNEY FEES

This cause comes before the Court on Defendant UFBOT's Motion for Entry of Order That Each Party Shall Bear its Own District Court and Appellate Court Fees and Costs and Incorporated Memorandum of Law (doc. 224). Plaintiff filed a response in opposition (doc. 225).

In its motion, Defendant argues that Plaintiff is not entitled to attorney fees on appeal because she failed to file a motion for appellate attorney fees within a 30-day deadline included in the Eleventh Circuit's mandate.  Defendant also argues that Plaintiff is not entitled to fees for equitable relief because Plaintiff was not the prevailing party on that matter and because Plaintiff did not timely file a supplemental motion for attorney fees.  For the following reasons, Defendant's

motion will be denied.

The Eleventh Circuit's mandate did not set a 30-day deadline for Plaintiff to file a motion for appellate fees and costs.  Instead, the issue of appellate fees was transferred to this Court to determine Plaintiff's entitlement.  At the time, this Court still had pending before it Defendant UFBOT's Motion for Relief from Order Granting Injunctive Relief (doc. 185).  The Court ruled on that motion on January 2, 2008 (doc. 215).  Aside from the issue of attorney fees and any further complications with Plaintiff's injunction, Plaintiff's work in this case was complete on January 2, 2008, which provided a logical starting point for Plaintiff to calculate her post-judgment attorney fees.

Settlement of attorney fees is encouraged in the Northern District of Florida.  Local Rule 54.1(C) requires parties to "ma[k]e good faith efforts to settle both liability for and amount of attorneys' fees" and provides that "no motion for attorneys' fees will be considered" until the parties do so.  N.D. Fla. Loc. R. 54.1.  To this end, Plaintiff provided Defendant with detailed fee records around April of 2008.  See doc. 225 at p. 6.  On April 22, 2008, Defendant filed the instant motion, seeking a ruling that Plaintiff is not entitled to fees on grounds of untimeliness and that Plaintiff had not prevailed.

Regarding timeliness, the 14-day limit under Fed. R. Civ. P. 54(d)(2)(B) applies to initial motions for attorney fees, but not to supplemental petitions for post-judgment work.  See Taylor v. USF-Red Star Express, Inc., 212 Fed. Appx.

101, 112, 2006 WL 3749598, at *9 (3d Cir. Dec. 21, 2006). Supplemental attorney fee petitions may be considered by a court when filed within a reasonable period of time, with consideration given to when the amount of supplemental fees becomes known or when the case is completed in its entirety. Id.  In this case, Plaintiff began the process of resolving the fee issue, as required under the local rule, within a reasonable period of time from the Court's January 2, 2008, order, when the foreseeable work in this case was completed and the amount of supplemental fees could be known.  Plaintiff's timing is reasonable and Defendant has not demonstrated any prejudice.  Accordingly, the Court finds no basis to deny Plaintiff fees for untimeliness.

Regarding prevailing party status, Plaintiff achieved success on the significant issues in this litigation, including her request for equitable relief. Plaintiff is the prevailing party.  Her status entitles her to attorney fees, although it remains to be determined what fee is reasonable for the post-judgment work. Defendant's argument that Plaintiff was not successful on some of the issues regarding modification of the injunction goes toward the amount of fees to be awarded or toward the specific hours that are compensable, but not to Plaintiff's entitlement to post-judgment fees altogether.  See Hensley v. Eckerhart, 461 U.S.424, 433, 440 (1983) (explaining that prevailing party status is the threshold for entitlement to fees, and that fees should be reduced for distinct unsuccessful claims or for modest success).  Plaintiff is entitled to fees, and Plaintiff and

Defendant should make a good faith effort to settle on a reasonable amount as required under the local rule.  Accordingly, it is

ORDERED AND ADJUDGED:  Defendant UFBOT's Motion for Entry of Order That Each Party Shall Bear its Own District Court and Appellate Court Fees and Costs (doc. 224) is denied.  The motion for leave to file a reply (doc. 226) is  denied.

IT IS FURTHER ORDERED AND ADJUDGED:

1. On or before January 12, 2009, Plaintiff shall serve on Defendant (but not file) a sworn statement ("statement of claim") showing the total amount of fees and expenses claimed, and showing, day by day, the amount of time spent on this matter by each attorney for whom fees are claimed and a description of the tasks performed on each such day by each such attorney, with the detail set forth in Local Rule 54.1(E)(1).

2. Within 30 days after service of the statement of claim, Defendant shall serve (but not file) a written statement ("statement of position") specifically identifying the bases for any objections.  If an objection is based on the reasonableness of the time claimed, Defendant shall serve (but not file), within three days after service of the statement of position, an itemized listing of Defendant's time records showing the total time devoted to the matter by defense counsel, in the same form described above, to the extent such information was compiled and maintained.

CASE NO.: 1:04cv106-SPM/AK

3.      Within 14 days after service of the statement of position, Plaintiff shall file a motion setting forth the amount of fees and expenses claimed, supported by a sworn statement in the form set forth above.  The motion shall be accompanied by a supporting memorandum addressing areas of disagreement, if any, with Defendant.  Prior to the filing of such a motion, the parties shall confer in a good faith effort to reach agreement on all or as many issues as possible.  Unless the motion is agreed in all respects, Defendant shall file a memorandum in response to the motion within 14 days of service.  In their filings under this paragraph, either party may file, as they deem appropriate, the statement of claim, statement of position, time records, and additional supporting materials.

4.      If any party desires an evidentiary hearing, the party shall file separate request therefor.  In the absence of such a request, the amount of fees will be determined based on the written record.

DONE AND ORDERED this 18th day of December, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge